In the matter of the attachment against the estate of GILES N. BELKNAP, an absent or absconding debtor.

A motion by the debtor for a mandamus, to compel the trustees of the estate of an absent or absconding debtor to nominate and have referees appointed under

the statute, will be denied with costs, where it appears that evidence had been gone into before the trustees; and afterwards, on request of the debtor, and on a written stipulation signed by the attorney for him, the hearing was adjourned: it is then too late to refer the matter.

If the application for reference had been made to the trustees before the proceedings had progressed thus far, the debtor would have had a right to a reference. (1 *Howard*, 80.)

*June Term*, 1846.

MOTION on behalf of Giles N. Belknap, the debtor, for a mandamus to compel the trustees of his estate to nominate and have appointed referees under the statute.

On the 6th of October, 1845, an attachment was issued by James R. Doolittle, Esq., a supreme court commissioner of Wyoming county, in favor of and upon the petition and affidavits of James Early and James Russell, Jr., creditors, against the estate of Giles N. Belknap, as an absconding or concealed debtor. The sheriff of Wyoming took personal property of Belknap, which was appraised at $84.50. After the expiration of three months from the first publication of the notice, to wit, on the 29th of January last, the supreme court commissioner appointed three persons as trustees in the matter. The trustees met on the 10th of March, to hear proof concerning the alleged indebtedness to the creditors, when the respective parties appeared before the trustees by their attorneys and counsel; and witnesses on behalf of the creditors were then examined by the attorneys and counsel, and cross-examined by the attorney and counsel for Belknap, and substantive matters of defence introduced *on behalf of Belknap; and the hearing was adjourned, on the request of Belknap, to the 7th of April; and also, on his request and on a *written stipulation signed by the attorney for Belknap*, was further adjourned to the 9th of April, when the attorney and counsel for Belknap served a written notice on the trustees, and on the attorneys for the attaching creditors, to have the matter referred according to the statute; which application was resisted by the attorneys for the attaching creditors, on the ground that it was then too late to have a reference, the evidence having been gone into before the trus-

tees, and the matter twice adjourned on application of the debtor. The trustees refused to refer, and, on the 13th of April, closed the evidence and decided the case. The attorney and counsel for Belknap did not appear after the service of the notice to refer.

J. H. COLLIER, *counsel for Belknap.*
W. BROOKS, *attorney for Belknap.*
D. M'MARTIN, *counsel for attaching creditors.*
GATES & M'KAY, *attorneys for attaching creditors.*

JEWETT, Justice. Denied the motion, with $7 costs, on the ground that the debtor having given a written stipulation to adjourn the hearing, and after evidence had been gone into before the trustees, it was then too late to refer the matter.